IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY SHANE PRUITT,

     PLAINTIFF,

v

GROSSE POINTE PUBLIC SCHOOL SYSTEM;
GROSSE POINTE PUBLIC SCHOOL SYSTEMS
BOARD OF EDUCATION; JASON WESLEY,
individually and in his official capacity as
Principal of Parcells Middle School; ROY
BISHOP, JR., individually and in his official
capacity as Interim Superintendent of the
Grosse Pointe Public School System; and
ANDREA TUTTLE, individually in her official
Capacity as Superintendent of Grosse Pointe
Public School System; all jointly and severally,

     DEFENDANTS.

_____/

CASE NO. 26-cv-10958
Hon. Robert J. White
Mag. Judge Anthony Patti

| DAVID A. KALLMAN (P34200) | MICHAEL D. WEAVER (P43985) |
|---|---|
| STEPHEN P. KALLMAN (P75622) | Flood Law, PLLC |
| Kallman Legal Group, PLLC | 155 West Congress Street, Suite 350 |
| Attorneys for Plaintiff | Detroit, MI 48226 |
| 5600 W. Mount Hope Hwy. | (313)546-0359 |
| Lansing, MI 48917 | mweaver@floodlaw.com |
| (517)322-3207 | |
| Dave@kallmanlegal.com | |
| Steve@kallmanlegal.com | |

_____

## DEFENDANTS GROSSE POINTE PUBLIC SCHOOL SYSTEM, GROSSE POINTE PUBLIC SCHOOL SYSTEM BOARD OF EDUCATION, JASON WESLEY, ROY BISHOP, JR., AND ANDREA TUTTLE'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE RELIANCE ON JURY DEMAND

NOW COME Defendants, GROSSE POINTE PUBLIC SCHOOL SYSTEM, GROSSE POINTE PUBLIC SCHOOL SYSTEM BOARD OF EDUCATION, JASON WESLEY, ROY BISHOP, JR., AND ANDREA TUTTLE, by and through their attorneys, FLOOD LAW, P.C., and in response to Plaintiff's Complaint state as follows:

1.      Defendants object to this allegation in that it calls for a legal conclusion. Without waiving the objection, Defendants deny that they have violated the First Amendment of the United States Constitution.

2.      Defendants object to this allegation in that it calls for a legal conclusion. Without waiving the objection, Defendants deny that they have violated the First Amendment of the United States Constitution.

3.      The Defendants objected to this allegation as it calls for a legal conclusion. Without waiving the objection, Defendants deny they violated the First or Fourteenth Amendments to the Constitution and also deny they violated 42 U.S.C. § 1983.

2

4. Defendants deny the allegations contained therein as same are untrue.

5. Defendants deny that Plaintiff has presented a viable cause of action.

6. Defendants deny that Plaintiff has presented a viable cause of action or that this Court has jurisdiction over a claim that lacks merit.

7. Defendants deny that Plaintiff has presented a viable cause of action or that this Court has jurisdiction over a claim that lacks merit.

8. Defendants deny that Plaintiff has presented a viable cause of action or that this Court has jurisdiction over a claim that lacks merit.

9. Defendants deny that Plaintiff has presented a viable cause of action or that this Court has jurisdiction over a claim that lacks merit.

10. Defendants deny that Plaintiff has presented a viable cause of action or that this Court has jurisdiction over a claim that lacks merit.

11. Defendants deny that Plaintiff has presented a viable cause of action or that this Court has jurisdiction over a claim that lacks merit.

12. No contest.

13. Defendant Grosse Pointe Public School System admits that it is a governmental entity engaged in the exercise or discharge of a governmental function and, accordingly, all claims are barred by governmental immunity.

14. Defendant Grosse Pointe Public School System Board of Education admits that it is a governmental entity engaged in the exercise or discharge of a governmental function and, accordingly, all claims are barred by governmental immunity.

15. Defendant Jason Wesley (Wesley) admits that at all times relevant to this Complaint, he was a governmental employee engaged in the exercise or discharge of a governmental function, and accordingly, all claims are barred by governmental immunity.

16. Defendant Roy Bishop, Jr. (Bishop) admits that at all times relevant to this cause of action, he was the highest elected or appointed official in a governmental entity and engaged in the exercise or discharge of governmental function, and accordingly, all claims are barred by governmental immunity/absolute immunity.

17. Defendant Andrea Tuttle (Tuttle) admits that at all times relevant to this cause of action, he was the highest elected or appointed official in a governmental entity and engaged in the exercise or discharge of governmental function, and accordingly, all claims are barred by governmental immunity/absolute immunity.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

25. The document attached to Plaintiff's Complaint as Exhibit A speaks for itself, and accordingly, no further answer is required.

26. The document attached to Plaintiff's Complaint as Exhibit A speaks for itself, and accordingly, no further answer is required.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

34.     The document attached to Plaintiff's Complaint as Exhibit B speaks for itself, and accordingly, no further answer is required.

35.     The document attached to Plaintiff's Complaint as Exhibit B speaks for itself, and accordingly, no further answer is required.

36.     The document attached to Plaintiff's Complaint as Exhibit B speaks for itself, and accordingly, no further answer is required.

37.     Defendants deny the allegations contained therein as same are untrue.

38.     The document attached to Plaintiff's Complaint as Exhibit C speaks for itself, and accordingly, no further answer is required.

39. The document attached to Plaintiff's Complaint as Exhibit D speaks for itself, and accordingly, no further answer is required.

40. Defendants deny the allegations contained therein as same are untrue.

41. Defendants deny the allegations contained therein as same are untrue.

42. The document attached to Plaintiff's Complaint as Exhibit D speaks for itself, and accordingly, no further answer is required. With that said and without waiving the objection, Defendants further respond that Plaintiff was granted an opportunity to revise the no trespass requirement. Plaintiff was encouraged to contact the superintendent's office to discuss same. Upon information and belief, Plaintiff never contacted the superintendent's office.

43. Defendants deny the allegations contained therein as same are untrue.

44. Defendants deny the allegations contained therein as same are untrue.

45. Defendants deny the allegations contained therein as same are untrue.

46. Defendants deny the allegations contained therein as same are untrue.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

48. The document attached to Plaintiff's Complaint as Exhibit E speaks for itself, and accordingly, no further answer is required.

49. Defendants deny the allegations contained therein as same are untrue.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

52. Defendants objected to this allegation as it calls for a legal conclusion. By way of further answer, Defendants indicate that Exhibit D speaks for itself, and accordingly, no further answer is required. Moreover, Defendants deny that it is limited to one board policy and one statute in defense of the claims of this matter.

9

53.    Defendants acknowledge that Plaintiff has cited a portion of MCL 380.11. By way of further answers, Defendants deny that they violated this applicable statute.

54.    Defendants object to this allegation as it calls for a legal conclusion.

55.    Defendants object to this allegation as it calls for a legal conclusion. By way of further answer, Defendants deny that they violated MCL 380.11(a)(3)(b).

56.    Defendants deny the allegations contained therein as same are untrue.

57.    Defendants object to this allegation as it calls for a legal conclusion. By way of further answer, Defendants deny that it violated MCL 380.11(a)(3)(a).

58.    The document attached to Plaintiff's Complaint as Exhibit B speaks for itself and, accordingly, no further answer is required.

59.    Defendants object to this allegation as it calls for a legal conclusion, without waiving the objection, Defendants deny the allegation.

60.    Defendants acknowledge that Plaintiff cited, at least a portion of, GPPS Policy 8.07.

61.    Defendants deny the allegations contained therein as same are untrue.

62. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

63. Defendants deny the allegations contained therein as same are untrue.

64. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

65. Defendants deny the allegations contained therein as same are untrue.

66. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

67. Defendants deny the allegations contained therein as same are untrue.

68. Defendants acknowledge that Plaintiff cites a portion of GPPS Policy 3.02.

69. Defendants acknowledge that Plaintiff cites a portion of GPPS Policy 3.02.

70. Defendants deny the allegations contained therein as same are untrue.

71. Defendants deny the allegations contained therein as same are untrue.

72. Defendants deny the allegations contained therein as same are untrue.

73. Defendants acknowledge that Plaintiff cited, at least a portion, GPPS Policy 3.16.

74. Defendants deny the allegations contained therein as same are untrue.

75. Defendants deny the allegations contained therein as same are untrue.

76. Defendants acknowledge that Plaintiff has cited, at least a portion of GPPS Policy 8.01.

77. Defendants deny the allegations contained therein as same are untrue.

78. Defendants acknowledge that Plaintiff has cited, at least a portion, of GPPS Policy 8.04.

79. Defendants deny the allegations contained therein as same are untrue.

80. Defendants deny the allegations contained therein as same are untrue.

## COUNT I – FIRST AMENDMENT VIOLATIONS – ALL DEFENDANTS

81. Defendants hereby incorporate by reference paragraphs 1 through 80 of this Answer as though fully stated herein.

82. Defendants object to this allegation in that it calls for a legal conclusion, and accordingly, no further answer is required.

83. Defendants deny the allegations contained therein as same are untrue.

84. Defendants acknowledge that Plaintiff makes allegations but denies the truthfulness of the allegations as set forth in subparagraphs (1) through (3).

85. Defendants deny the allegations contained therein as same are untrue.

86. Defendants deny the allegations contained therein as same are untrue.

87. Defendants deny the allegations contained therein as same are untrue.

88. Defendants object to this allegation as it calls for a legal conclusion. Accordingly, no further answer is required.

13

89. Defendants deny the allegations contained therein as same are untrue.

90. Defendants deny the allegations contained therein as same are untrue.

91. Defendants deny the allegations contained therein as same are untrue.

92. Defendants deny the allegations contained therein as same are untrue.

93. Defendants deny the allegations contained therein as same are untrue.

94. Defendants deny the allegations contained therein as same are untrue.

95. Defendants deny the allegations contained therein as same are untrue.

96. Defendants deny the allegations contained therein as same are untrue.

97. Defendants deny the allegations contained therein as same are untrue.

98. Defendants deny the allegations contained therein as same are untrue.

99. Defendants deny the allegations contained therein as same are untrue.

100. Defendants deny the allegations contained therein as same are untrue.

101. Defendants deny the allegations contained therein as same are untrue.

102. Defendants deny the allegations contained therein as same are untrue.

103. Defendants deny the allegations contained therein as same are untrue.

## COUNT II – MICHIGAN CONSTITUTIONAL VIOLATIONS
## AGAINST ALL DEFENDANTS

104. Defendants hereby incorporate by reference paragraphs 1 through 103 of this Answer as though fully stated herein.

105. Defendants deny the allegations contained therein as same are untrue.

106. Defendants deny the allegations contained therein as same are untrue.

107. Defendants deny the allegations contained therein as same are untrue.

108. Defendants deny the allegations contained therein as same are untrue.

109. Defendants deny the allegations contained therein as same are untrue.

110. Defendants deny the allegations contained therein as same are untrue.

111. Defendants deny the allegations contained therein as same are untrue.

112. Defendants deny the allegations contained therein as same are untrue.

113. Defendants deny the allegations contained therein as same are untrue.

114. Defendants deny the allegations contained therein as same are untrue.

115. Defendants deny the allegations contained therein as same are untrue.

<strong><u>COUNT III – DEFAMATION AGAINST ALL DEFENDANTS</u></strong>

116. Defendants hereby incorporate by reference paragraphs 1 through 115 of this Answer as though fully stated herein.

117. Defendants deny the allegations contained therein as same are untrue.

118. Defendants deny the allegations contained therein as same are untrue.

119. Defendants deny the allegations contained therein as same are untrue.

120. Defendants deny the allegations contained therein as same are untrue.

121. Defendants deny the allegations contained therein as same are untrue.

122. Defendants deny the allegations contained therein as same are untrue.

123. Defendants deny the allegations contained therein as same are untrue.

124. Defendants deny the allegations contained therein as same are untrue.

125. Defendants deny the allegations contained therein as same are untrue.

WHEREFORE, Defendants request that this Honorable Court enter a judgment of no cause for action and award costs and attorney fees so wrongfully sustained in this litigation.

FLOOD LAW

BY:   /s/Michael D. Weaver
MICHAEL D. WEAVER (P43985)
Attorney for Defendants
Flood Law, PLLC
155 West Congress Street, Suite 350
Detroit, MI 48226
(313)546-0359
mweaver@floodlaw.com

**<u>AFFIRMATIVE DEFENSES</u>**

1.      Plaintiff fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims against individuals are barred by qualified immunity.

3.      Plaintiff's claims against the District are barred by governmental immunity.

4.      Plaintiff's claims against the superintendent and interim superintendent are barred by absolute immunity as they were the highest elected or appointed officials within the governmental entity.

5.     Plaintiff has no First Amendment right to enter and film the inside of a school.

6.     There is no pattern of prior constitutional violations to put the District on notice of a potential First Amendment violation.

7.     Isolated instances do not establish a custom or policy.

8.     The District's training of its employees was constitutionally adequate.

9.     To the extent that the Defendants made any statement about the Plaintiff, the statement was true or substantially true.

10.    Plaintiff as a public figure or a limited-purpose public figure who voluntarily injected himself into public controversy.

11.    There is no showing of actual malice on behalf of the Defendants.

12.    Defendants had a qualified privilege in any statement that they may have made regarding the Plaintiff.

13.    Defendants did not publish any defamatory statement regarding the Plaintiff.

14.    To the extent that Defendants made any statement regarding Plaintiff, it was opinion.

15.    Plaintiff's claims are barred by the applicable statute of limitations.

16.    Plaintiff has failed to mitigate his damages.

19

17.    Defendant reserves the right to amend these affirmative defenses up until the time of trial.

FLOOD LAW

BY:    /s/Michael D. Weaver
MICHAEL D. WEAVER (P43985)
Attorney for Defendants
Flood Law, PLLC
155 West Congress Street, Suite 350
Detroit, MI 48226
(313)546-0359
mweaver@floodlaw.com

## RELIANCE ON JURY DEMAND

NOW COME Defendants, by and through their attorneys, FLOOD LAW, PLLC, and hereby rely on the jury demand previously filed in this matter.

FLOOD LAW

BY:    /s/Michael D. Weaver
MICHAEL D. WEAVER (P43985)
Attorney for Defendants
Flood Law, PLLC
155 West Congress Street, Suite 350
Detroit, MI 48226
(313)546-0359
mweaver@floodlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 2, 2026, a copy of the foregoing document and this Certificate of Service was served upon all parties to the above cause to each of the attorneys of record via the Court's e-filing system.

*/s/Michael D. Weaver*

Michael D. Weaver