UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY SHANE PRUITT

     Plaintiff,

  v.

GROSSE POINTE PUBLIC SCHOOL
SYSTEM, et al.

     Defendants.

Case No. 26-cv-10958

Honorable Robert J. White

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Gary Shane Pruitt, by and through counsel, respectfully submits this Notice of Supplemental Authority to bring to the Court's attention the Sixth Circuit's recent decision in *Boddy v. Grech*, 178 F.4th 264 (6th Cir. 2026), decided on June 10, 2026, after briefing on Plaintiff's Motion for Preliminary Injunction was completed. *Boddy* directly supports Plaintiff's position and undermines Defendants' arguments in several respects.

### 1. OFFENSIVE SPEECH CRITICAL OF OFFICIALS REMAINS PROTECTED.

The *Boddy* court held that a speaker's criticism of school officials as "failing" and "coward[ly]" was protected speech. *Id.* at 273–74. The court reaffirmed that "giving offense is a viewpoint" and that offensive speech critical of government officials still receives full First Amendment protection. *Id.* This forecloses

Defendants' central premise—that Mr. Pruitt's use of the word "groomer"[1] to criticize teachers' conduct in the classroom or his "evaluation" of staff is unprotected simply because it is provocative. Like the speech in *Boddy*, Mr. Pruitt's comments addressed the performance of public officials in their official roles and are entitled to First Amendment protection.

### 2. COMPLAINTS AND HOSTILE REACTIONS CANNOT JUSTIFY SUPPRESSING SPEECH.

The *Boddy* Court held that a government actor may not curtail protected speech based on the hostile or negative reaction of others—a "heckler's veto"— regardless of the forum involved. *Id.* at 274–76. Defendants here justify the no-trespass order in significant part by pointing to "complaints … from District staff and community members" about Mr. Pruitt's video. *Boddy* confirms that such third-party complaints, reacting to the content and viewpoint of protected speech, cannot supply a constitutional basis for retaliatory action. Under *Boddy*, the reliance on third-party complaints is itself evidence of impermissible viewpoint discrimination, not a defense to it.

---

[1] It is clear from the full context of Plaintiff's statement in the video (Exhibit A) — specifically, his reference to teachers pushing "their distorted worldview" upon children in opposition to parental values — that "groomer" was used in the sense of ideological indoctrination.

3. **COURTS MUST RESOLVE, NOT DEFER, CREDIBILITY AND PRETEXT QUESTIONS AT THE INJUNCTION STAGE.**

The Sixth Circuit rejected the notion that a court may avoid deciding likelihood of success merely because the record contains self-serving justifications from Defendants for suppressing speech. *Id*. at 275. Courts must make these determinations, "even the tough ones." *Id.* Defendants' shifting, inconsistent, and new-found justifications for the no-trespass order—citing a purported unauthorized entry, then safety concerns, then "disruption"—present exactly the kind of pretextual, post-hoc rationalization *Boddy* instructs courts to scrutinize and reject rather than treat as an unresolvable factual dispute.

4. **IRREPARABLE HARM IS PRESUMED AND THE PUBLIC INTEREST FAVORS PROTECTING UNPOPULAR SPEECH.**

Consistent with *Bonnell* and *Newsome*, already cited by Plaintiff, *Boddy* confirms that irreparable injury is presumed once a constitutional deprivation is shown, and that the defendant bears the burden of rebutting that presumption. *Id.* at 276. *Boddy* likewise confirms that the public interest favors "an unbridled marketplace of ideas, especially when those ideas are unpopular or critical of a government official." *Id.* Defendants have not rebutted the presumption of irreparable harm here, and the public-interest factor favors Mr. Pruitt for the same reasons it favored the plaintiff in *Boddy*.

For these reasons, *Boddy v. Grech* provides further, recent Sixth Circuit support for the relief Plaintiff seeks and should be considered by the Court in ruling on Plaintiff's Motion for Preliminary Injunction.

Respectfully submitted,

DATED: July 7, 2026.                    **KALLMAN LEGAL GROUP, PLLC**

/s/ *Stephen P. Kallman*                 /s/ *David A. Kallman*
By:  Stephen P. Kallman (P75622)    By:  David A. Kallman          (P34200)
Attorney for Plaintiff                      Attorney for Plaintiff
                                                 5600 W. Mount Hope Hwy.
                                                 Lansing, MI 48917
                                                 517-322-3207
                                                 dave@kallmanlegal.com
                                                 steve@kallmanlegal.com